IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' ANNUITY FUND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. |
| ) | |
| R & R FOOD SERVICES, LLC, ) | |
| BLACKSTONE CONSULTING INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COME Plaintiff, CENTRAL LABORERS' ANNUITY FUND, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendants, R&R FOOD SERVICES, LLC, and BLACKSTONE CONSULTING INC., and alleges as follows.

## COUNT I AGAINST R&R FOOD SERVICES LLC

1.  This is a civil action to recover employer contributions or payments owed to the Plaintiff pursuant to the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et. seq*.

2.  This Court has jurisdiction over this matter pursuant to 29 U.S.C. 1132(e)(1).

3.   The Central Laborers' Annuity Fund ("Annuity Fund")   is an employee benefit fund established and administered pursuant to a Restated Declaration of Trust Agreement, which is attached and incorporated herein as Exhibit 1.

4.  The Annuity Fund is maintained and administered in accordance with the

1

provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et. seq.*

5. Pursuant to ERISA at 29 U.S.C. 1132(e)(2), venue is proper in this Court as the address and place of business of the Central Laborers' Annuity Fund is 201 N. Main Street, Jacksonville, Illinois 62651-1267.

6. R&R Food Services was an Employer engaged in an industry within the meaning of ERISA at 29 U.S.C. 1002 (5) and (12).

7. R&R Food Services employed individuals who are members of and represented by Southwest Laborers' District Council, on behalf of affiliated Local 1168.

8. Eligible employees of the Defendant, R&R Food Services, are Participants in the Annuity Fund pursuant to a Memorandum of Understanding (MOU), which is attached and incorporated herein as Exhibit 2.

9. R&R Food Service's address is 612 Rosewood Circle, Claremore, Oklahoma 74017.

10. R&R Food Services had a contract to provide food service for the U.S. Army base at Ft. Sill, Oklahoma.

11. Pursuant to ERISA at 29 U.S.C. 1145, R&R Food Services was required to make contributions to Plaintiffs in accordance with the terms and conditions of the MOU and the Restated Declaration of Trust.

12. Pursuant to the Restated Declaration of Trust, the Annuity Fund is authorized to examine the payroll books and records of R&R Food Services to determine whether R&R Food Services made the contributions required under the MOU.

13. Based on information and belief, R&R Food Services has not made contributions, required under the MOU, for work performed by eligible employees during July 2017.

14. By letter dated September 11, 2018, which was delivered by certified mail on September 14, 2018, the Annuity Fund requested R&R Food Services cooperate in scheduling and allowing an audit of R&R Food Services' payroll records. (Exhibit 3)

15. R&R Food Services never responded to the Plaintiff's request.

16. Pursuant to the terms of the Annuity Fund's Restated Declaration of Trust and ERISA, 29 U.S.C. §1132(g)(2), if R&R Food Service is found liable for delinquent contributions, R&R is also liable for the costs of the payroll examination, liquidated damages, reasonable attorney's fees, reasonable expenses incurred by the Annuity Fund in the collection of delinquent contributions, and costs.

WHEREFORE, the Central Laborers' Annuity Fund prays for the following relief:

A. That an account be taken by the Annuity Fund for the period from December 1, 2014 through September 30, 2017, as to wages received and hours worked by R&R Food Services' employees to determine amounts required to be paid by R&R Food Services to the Annuity Fund;

B. That R&R Food Services be ordered to pay to the Central Laborers' Annuity Fund all such contributions determined to be due, reasonable attorney's fees, reasonable expenses incurred by the Annuity Fund in the collection of delinquent contributions, audit costs, liquidated damages for all contributions due and owing at the time Judgment is entered, and all applicable costs allowed by the District Court;

C.      That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at R&R Food Service's cost.

**COUNT II AGAINST BLACKSTONE CONSULTING INC.**

1.      Count I is a civil action to recover employer contributions or payments owed to the Plaintiff by R&R Food Services pursuant to the provisions of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et. seq*.

2.      Because the Plaintiff seeks relief under ERISA and the LMRA, which are federal statutes, this Court has original jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. 1167(a).

3.      This Court also has pendant jurisdiction for Count II against Blackstone Consulting Inc. because R&R Food Services had a contract with Blackstone for the food service operation at Ft. Sill, Oklahoma and, pursuant to the language within the Blackstone-R&R Food Service contract, Blackstone can be held liable for the contributions sought by the Plaintiff.

4.      The contract between R&R Food Service and Blackstone was executed on April 1, 2016 and amended on November 18, 2016. See Exhibit 4, P. 15 and Exhibit 5, P. 5.

5.      Pursuant to the original contract, Blackstone was to provide financial services, marketing services, operations services, legal services, and risk management services. Exhibit 4, P. 3, Section 7.

6.      Blackstone was also required to provide payroll services and HR services until

June 30, 2016. Exhibit 4, P. 3, Section 7.

7.  Under the original contract, as well as the Amendment to the Contract, Blackstone was required to "indemnify, defend, and hold harmless . . . R&R Food Services . . . at all times, from any and all claims, actions, demands, deficiencies, lawsuits, losses,, expenses, penalties, damages or liability . . . arising out of any negligent or intentional act or omission . . ." of Blackstone "under any provision of or the performance of this Agreement." Exhibit 4, P. 9 Section 12, Exhibit 5, P. 4, renumbered as Section 9.

8.  The Amendment to the original contract expanded Blackstone's responsibilities such that Blackstone was required to "establish and maintain the managerial and administrative controls for all labor, affirmative action plans and procedures, labor related reports, supplies and materials necessary for the performance of the contract (including all financial obligations required for the operation of the Ft. Sill contract) with all of the management and administrative services to be performed by BCI and its personnel." Exhibit 5, P. 2 Section 5.

9.  The Amendment required Blackstone to provide contract compliance services such as "payroll . . . financial reporting, accounting, contract administration . . ." Exhibit 5, P. 2, Section 5.

10. Blackstone assumed "all of the financial risk inherent in contract performance . . ." Exhibit 5, P. 2-3, Section 7, subsection c.

11. Blackstone was required to provide services related to "Contract Relations . . . Union Relations . . . Payroll Taxes . . . Labor Costs . . . Payroll Processing." Exhibit 5, P. 2-3 Section 7, subsection d.

12. In February 2018, a representative for Local 1168 contacted the attorney for R&R

Food Services about the non-payment of sick pay for members of Local 1168. The attorney for R&R Food Services contended that Blackstone was responsible for the sick pay and Local 1168 should look to Blackstone for recovery of the sick pay.    Exhibit 6.

13.    In effect, a controversy exists as to whether R&R Food Services or Blackstone is responsible for: 1) turning over payroll records of Local 1168 members covered under the Memorandum of Understanding; and 2) payment of contributions for work covered under the Memorandum of Understanding.

14.    In addition, Central Laborers' Annuity Fund requested the payroll records from Blackstone on two occasions but Blackstone has never provided said records.

15.    Accordingly, the Central Laborers' Annuity Fund seeks a determination as to whether Blackstone is the responsible Party pursuant to its contract with R&R Food Services, and if the Court so finds Blackstone is the responsible Party, the Annuity Fund seeks the following relief.

WHEREFORE, the Central Laborers' Annuity Fund prays for the following relief:

A.    That an account be taken by the Annuity Fund for the period from December 1, 2014 through September 30, 2017, as to wages received and hours worked by Local 1168 members covered under the Memorandum of Understanding to determine amounts required to be paid by Blackstone Consulting Inc. to the Annuity Fund;

B.    That Blackstone Consulting Inc. be ordered to pay to the Central Laborers' Annuity Fund all such contributions determined to be due, reasonable attorney's fees, reasonable expenses incurred by the Annuity Fund in the collection of delinquent contributions, audit costs, liquidated damages for all contributions due and owing at the time Judgment is entered, and all

applicable costs allowed by the District Court;

      C.      That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Blackstone Consulting Inc.'s cost.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,

By:     \_     s/ John A. Wolters
        JOHN A. WOLTERS
        **CAVANAGH & O'HARA LLP**
        2319 W. Jefferson Street
        Springfield, IL 62702
        Telephone (217) 544-1771
        Fax (217) 544-9894
        johnwolters@cavanagh-ohara.com